Larry Von NICHOLS and Velma Nichols, Appellants,

v.

KLEIN TOOLS, INC., Appellee.

No. 91–1077.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Nov. 27, 1991.

---

David T. Greis, Kansas City, Mo., argued (William H. Pickett, on brief), for appellants.

Elwood L. Thomas, Kansas City, Mo., argued (James A. Wilson, on brief), for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Larry Von Nichols appeals from the district court's dismissal of his products liability action based on Nichols' attempt to defraud the court. We affirm.

## FACTS

On March 10, 1983, while constructing a downtown Kansas City hotel, Nichols fell and was injured. Nichols claims that the accident was caused by the failure of a "wide-throat re-bar snap hook" manufactured by Klein Tools. Nichols originally filed suit in Missouri state court. During his first deposition, Nichols testified that he was wearing the Klein hook at the time of his fall. Shortly before the commencement of the state trial, Nichols' supervisor, Pinkie McCormick, testified during his deposition that Nichols was wearing a homemade, and not a Klein-manufactured, hook at the time of his accident. During a subsequent deposition, Nichols vehemently denied his supervisor's testimony, called McCormick a "liar," and claimed that there was no hook other than the Klein hook on his belt at the time of his accident. Nichols nonetheless voluntarily dismissed the state court action the morning of the trial, while still maintaining that the Klein hook caused the accident.

A year later, Nichols refiled his suit in Missouri state court. Klein Tools removed the case to federal district court. While it was agreed that the prior discovery from a year earlier would carry forward, some additional discovery was conducted. During this further discovery, Steve Hastings, a co-worker of Nichols', testified that Nichols was wearing a homemade hook at the time of the accident. In addition, the superintendent for the hotel project, John Spencer, testified that after Nichols fell, McCormick, Nichols' supervisor, delivered a homemade hook to Spencer and told him that Nichols was using the homemade hook when he fell.

A few months after these depositions, Nichols' lawyer telephoned counsel for Klein Tools to acknowledge that he had just learned that Nichols did indeed have a homemade hook on his safety belt at the time of his fall. After this revelation, Klein Tools again deposed Nichols. During this deposition, Nichols admitted that he had a homemade hook on his belt. This testimony directly contradicted his testimony at his depositions in 1988.

As a result of this turn of events, Klein Tools made, and the district court granted, a motion to dismiss with prejudice Nichols' complaint for attempting to perpetrate a fraud on the court.

## DISCUSSION

The only issue on appeal is whether the district court erred in dismissing Nichols' suit against Klein Tools.

In *Pfizer, Inc. v. International Rectifier Corp.*, 538 F.2d 180 (8th Cir.1976), this court explained that although not easily defined, "fraud on the court ... can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *Id.* at 195 (citations omitted). "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as ... fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence." *Id.* (citations omitted).

In this case, Nichols' use of a homemade hook at the time of the accident undermines the entire theory of his products liability claim. Denying the presence of the homemade hook during his first two

depositions, and admitting that he had such a hook with him only after this fact came to the attention of his attorney, constituted a deliberate effort to conceal evidence. In *Pfizer*, prior to reversing the district court's finding of fraud on the court, this court noted that the impropriety involved there was not "indicative of a scheme to conceal material facts." *Id.* at 196. Here, Nichols repeatedly concealed a material fact. Thus, the district court correctly ruled that Nichols committed fraud on the court, or to fit this conclusion into the *Pfizer* rubric, Nichols fabricated testimony in order to prevent Klein Tools from presenting its case.

Nichols repeatedly and pointedly lied under oath regarding *the* pivotal issue in this case and changed his story only after four individuals, including his own lawyer, contradicted his testimony. In such a situation, some penalty is appropriate. In this case, no suitable penalty other than dismissing the suit was available. Nichols' resources appear to be limited, so taxing costs against him would not benefit Klein Tools. Similarly, because Nichols' attorney disclosed the deceit of Nichols as soon as he learned of it, it would not be appropriate to punish the attorney. Finally, permitting the case to proceed and deducting costs from any award recovered by Nichols would leave Klein Tools empty handed, since Nichols' chances of prevailing on the merits are slim given his self-impeachment, his fraud on the court, and the testimony of the three construction workers.

Because of the lack of any alternative penalty, we affirm the district court's dismissal of Nichols' suit against Klein Tools.