972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David A. LIVA, Plaintiff-Appellant,
v.
COUNTY OF LEXINGTON; Sheriff's Department of the County of
Lexington; W. A. Bost, in his individual and official
capacity as a Captain with the Lexington County Sheriff's
Department and Lexington County Jail; Stanley Haltiwanger,
in his individual and official capacity as a Jailor with the
Lexington County Sheriff's Department; Wilbert Wilson, in
his individual and official capacity as Jail Supervisor with
the Lexington County Sheriff's Department, Defendants-Appellees.
 No. 91-2337.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9,1992
Decided: August 6, 1992
As Amended Sept. 10, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Pamela Jane Roberts, NEXSEN, PRUET, JACOBS & POLLARD, for Appellees.
 Stephen M. Pstrak, for Appellant, on brief.
 Wilburn Brewer, Jr., Elizabeth M. McMillan, NEXSEN, PRUET, JACOBS & POLLARD, for Appellees.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The district court dismissed David A. Liva's civil rights action for fraud on the court. We affirm.
 
 
 2
 Liva filed a complaint in July, 1989, alleging civil rights violations by the County of Lexington, its sheriff's department, and individuals within the sheriff's department. According to the complaint, Liva was in the Lexington County jail awaiting trial. When he protested not being able to take a shower, officers in the sheriff's department placed handcuffs and leg shackles on him in an extremely painful manner. They removed the shackles after about 20 minutes, at which time Liva went into an epileptic seizure. Liva alleged that the officers gave him an overdose of his medication, inducing another seizure. The officers called the hospital after Liva told them he had chest pains.
 
 
 3
 Liva alleged that as a result of these events he suffered various injuries, including paralysis of his lower body. In response to an interrogatory, Liva stated that he sought two million dollars in damages for "permanent paralysis to his lower body." In an August, 1990, deposition he testified that he was paralyzed and could not move his legs. Liva could not produce any medical evidence that he was paralyzed. None of the six doctors who were deposed could verify his claim of paralysis.
 
 
 4
 The county produced evidence, including eyewitness testimony and a videotape, that Liva could walk both before and after the deposition. One of the witnesses also testified that Liva told him not to tell the police that he had seen Liva walking. Based on this evidence, the district court dismissed Liva's suit for fraud on the court.
 
 
 5
 Liva no longer claims that he is completely paralyzed, though he asserts that he alternately suffers from paralysis and has intermittent periods in which he has partial use of his legs. He maintains that, regardless of the degree of his injury, he suffered violation of his civil and constitutional rights and should be compensated for other injuries.
 
 
 6
 We review a district court's dismissal based on fraud on the court for abuse of discretion. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1117 (1st Cir. 1989). A court may use its inherent power to dismiss a case or vacate a judgment for fraud on the court. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-45, 250 (1944). It may exercise this power "if a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." North American Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986) (dismissing a case for violation of a discovery order coupled with deceit) (quotation marks and citation omitted). Dismissal is an extreme remedy and therefore must be used only "where the defaulting party's misconduct is correspondingly egregious." Aoude, 892 F.2d at 1118.
 
 
 7
 The district court did not abuse its discretion when it dismissed Liva's suit. Paralysis was the primary injury alleged by Liva. The district court carefully evaluated the evidence, concluding that Liva was not paralyzed and that he actively sought to deceive the court. Liva not only perjured himself in his deposition, he also tried to suborn perjury. As in Hazel-Atlas, 322 U.S. at 245,"[t]his is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. Here ... we find a deliberately planned and carefully executed scheme to defraud" the court. See also Nichols v. Klein Tools, Inc., 949 F.2d 1047, 1049 (8th Cir. 1991) (finding fraud where the plaintiff repeatedly concealed a material fact).
 
 
 8
 The court's power to dismiss a case is not dependent upon whether a valid cause of action exists despite the fraud. In Aoude the sanctioned party had attached a bogus purchase agreement onto a complaint. The district court dismissed another suit the litigant brought in which he did not use the bogus agreement. The appellate court affirmed the dismissal, noting that "[o]nce a litigant chooses to practice fraud, that misconduct infects his cause of action, in whatever guises it may subsequently appear." 892 F.2d at 1121. Liva explicitly cited paralysis or permanent disability to his back and lower extremities in seven of his eleven causes of action and incorporated it by reference in the other four. Nowhere in his complaint do we find a cause of action separate and independent from his claim of paralysis.
 
 
 9
 Because the district court correctly found that Liva perpetrated fraud on the court, we conclude that it did not abuse its discretion when it dismissed his action.
 
 AFFIRMED