PEERLESS INDUSTRIAL PAINT
COATINGS CO., Appellant,

v.

CANAM STEEL CORPORATION,
Appellee.

No. 92–2061.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1992.
Decided Nov. 18, 1992.

Appellant appeared pro se.

James D. Bass, St. Louis, Mo., for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Peerless Industrial Paint Coatings Company (Peerless) brought this diversity breach-of-contract lawsuit against Canam Steel Corporation (Canam). The district court dismissed the lawsuit with prejudice and awarded Canam $30,000 in sanctions under Federal Rule of Civil Procedure 11. Peerless appeals. Canam asserts the appeal is frivolous and requests damages under Federal Rule of Appellate Procedure 38. We affirm and award damages on appeal.

Peerless's complaint states Canam agreed to buy primer paint that Peerless reprocessed from Canam's waste paint sludge. Peerless alleged it converted the paint sludge into several thousand gallons of primer paint according to Canam's specifications, but Canam refused to take delivery or pay for the paint. Peerless further alleged it sent to Canam two letters dated March 4, 1987 and April 9, 1987 that confirm the agreement. Peerless sought contract damages, storage costs, disposal costs for the remaining hazardous waste sludge, and punitive damages. Canam denied that a contract existed and denied having any record of the letters.

During discovery, Canam requested Peerless to admit the April 9, 1987 letter was never sent to Canam nor actually signed by Peerless's vice president. Larry Miller, Peerless's president, denied the letter was not sent and objected to the request because the word "signed" was vague. Soon after, the district court granted Peerless's counsel leave to withdraw, and gave Miller twenty days to find new counsel. Canam then moved for sanctions under Rule 11, arguing there was no contract between Canam and Peerless, the April 9, 1987 letter was fraudulent, and Miller falsified responses to discovery requests.

At a pretrial conference, Miller appeared without counsel and asked for a continuance or a dismissal without prejudice. The district court denied the continuance and held a hearing on Canam's sanctions motion. The district court concluded Peerless's contract action was meritless and was based on at least one fraudulent document, the damages claim for storage costs was factually misstated, and Peerless was unable to show the existence and storage of paint Peerless purportedly reprocessed from Canam's waste paint sludge. The district court also concluded Peerless violated Rule 11 because Miller's signature on Peerless's responses to discovery requests and the allegations in Peerless's complaint misstated known, relevant facts. The district court awarded Canam $30,000 for reasonable attorney's fees and expenses and dismissed the action with prejudice.

On appeal, Peerless contends the evidence does not support the district court's Rule 11 findings. Peerless also contends the district court committed reversible error in not granting a continuance to allow Peerless to obtain counsel and in dismissing the action with prejudice. We review all aspects of a district court's Rule 11 decision under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). We reverse only if the district court "based its ruling on an erroneous view of the law or on a clearly

erroneous assessment of the evidence." *Id.*

█ The district court's findings that Peerless based its action on at least one fraudulent document and Miller's responses to Canam's requests for admissions misstated known relevant facts are not clearly erroneous. Further, we agree with the district court that Peerless's contract action is meritless. Under these circumstances, the district court had discretion to tailor an appropriate sanction. *See id.* at 399, 110 S.Ct. at 2457. We conclude the district court did not abuse its discretion in awarding Canam $30,000 for attorney's fees and expenses as a sanction for the Rule 11 violation. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).

█ We also conclude the district court did not abuse its discretion in failing to grant a continuance of the sanctions hearing or in dismissing the case with prejudice. Peerless made no showing it would be able to find new counsel. In any event, we cannot say Peerless would have defeated the sanctions motion had the district court granted the continuance, even if Peerless was able to find counsel. *See Souder v. Owens–Corning Fiberglas Corp.*, 939 F.2d 647, 651 (8th Cir.1991) (showing of prejudice is factor to consider in abuse of discretion). Additionally, fraud on the court is grounds for dismissal with prejudice. *See Nichols v. Klein Tools, Inc.*, 949 F.2d 1047, 1048–49 (8th Cir.1991).

█ Finally, under Federal Rule of Appellate Procedure 38 we have authority to award damages and double costs to Canam "[i]f the appeal of a Rule 11 sanction is itself frivolous." *Cooter & Gell*, 496 U.S. at 407, 110 S.Ct. at 2462. Because we conclude Peerless's appeal is frivolous, we grant Canam's motion and impose on Peerless $6000 in damages to cover Canam's reasonable attorney's fees and award double costs on appeal.

Accordingly, we affirm.