989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David DAVISON, Appellant,
v.
STATE OF ARKANSAS; H. G. Foster, Individually and in his
Official Capacity as Prosecuting Attorney, 20th Judicial
District, State of Arkansas; John C. Aldworth, Individually
and in his Official Capacity as Deputy Prosecuting Attorney,
20th Judicial District, State of Arkansas; Kent Griggs,
Sheriff of Searcy County, Arkansas; Deris Adams, Clerk of
Searcy County, Arkansas; Marilyn Davison Mason, Grinder or
Disbrow, Appellees.
 No. 92-3207.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1993.
Filed: February 26, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Davison appeals from the District Court's[1] dismissal of his 42 U.S.C. § 1983 (1988) action and from the imposition of sanctions. We affirm.
 
 
 2
 Davison claimed that the State of Arkansas; H.G. Foster, prosecuting attorney; John C. Aldworth, deputy prosecuting attorney; Kent Griggs, sheriff of Searcy County; Deris Adams, clerk of the Searcy County Circuit Court; and Marilyn Davison (now Mason) violated his constitutional rights. Davison alleged that in October 1986, his ex-wife Mason and her attorney, Aldworth, conspired unlawfully to deprive him of his marital property during the divorce proceedings, to have him arrested, and to have his property seized. He claimed that he was illegally stopped, searched, and arrested as a result of this conspiracy. He alleged that the state of Arkansas through Aldworth, Griggs, and Griggs's deputies illegally seized his automobile and approximately $4700.
 
 
 3
 Davison further alleged that the State did not hold a hearing concerning his forfeited property for almost four years, delayed his court proceedings, and failed to appoint impartial judges. He asserted that Adams was authorized by the state court to place him in jail at Adams's "whim." He also alleged that defendants conspired to have him arrested in October 1991.
 
 
 4
 The District Court dismissed the complaint and imposed sanctions. The court noted that this was the sixth lawsuit Davison filed in or tried to remove to federal court since 1988. In each case the court advised Davison that the cases were frivolous or that the court lacked subject matter jurisdiction, and each appeal to this Court was dismissed as frivolous.
 
 
 5
 The District Court correctly dismissed Davison's complaint. The court did not have subject matter jurisdiction to hear any claim related to the division of marital assets in Davison's divorce or the custody arrangements made in state court. See Ankembrandt v. Richards, 112 S. Ct. 2206, 2209-13 (1992) (reaffirming domestic relations exception to federal court jurisdiction). Davison's claims surrounding the 1986 stop and search, arrest, and seizure of his automobile and money were properly dismissed because they were time-barred. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (holding Arkansas's three-year personal injury statute of limitations governs § 1983 actions brought in that state).
 
 
 6
 Davison's claims regarding the State's delay of his forfeiture hearings and his lawsuits, and its failure to appoint unbiased judges, were correctly dismissed because the State is not a proper party in this § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). Davison's allegation that the state court gave Adams the power to incarcerate him at Adams's "whim," as well as his claim that defendants conspired to have him arrested in 1991, failed to state a claim because the allegations contained no facts showing any individual defendant's personal involvement in any incident that injured him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding no § 1983 claim lies where plaintiff does not allege personal involvement of defendant in incident that harmed him).
 
 
 7
 Davison also challenges the District Court's imposition of sanctions. We may "reverse only if the district court 'based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " Peerless Indus. Paint Coatings Co. v. Canam Steel Corp., 979 F.2d 685, 686-87 (8th Cir. 1992) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)). The court's determination that sanctions could be imposed because Davison had repeatedly filed suits against the same defendants alleging the same frivolous claims was not based on an erroneous view of the law. See Kurkowski v. Volcker, 819 F.2d 201, 203-04 (8th Cir. 1987) (upholding imposition of sanctions in case where plaintiffs filed complaint in face of previous dismissals involving same parties and same legal theories). After careful review of the record, we conclude that the court's determination also was not based on a clearly erroneous assessment of the evidence.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas