Kenneth OLIVER, Petitioner–Appellant,

v.

Richard B. GRAMLEY, Warden, Respondent–Appellee.

No. 99–1219.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 3, 1999

Decided Dec. 29, 1999

Kenneth Oliver (submitted), Galesburg, IL, for Petitioner–Appellant Pro Se.

William L. Browers (submitted), Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, BAUER and CUDAHY, Circuit Judges.

POSNER, Chief Judge.

The district judge dismissed Oliver's petition for habeas corpus (28 U.S.C. § 2254) with prejudice (compare *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir.1997)), on the ground that he had committed a fraud on the court, and denied Oliver's request for a certificate of appealability, and he renews the request with us.

When the state sought to dismiss Oliver's petition for habeas corpus on the ground that he had failed to petition the Supreme Court of Illinois for leave to appeal, he came back with an affidavit swearing that he had given prison officials the petition to file, and he also submitted what appeared to be a certificate of service. The district judge thought the certificate a forgery and the affidavit perjurious, and Oliver, while denying that he intended to commit perjury or deceive the court, does not deny that the certificate was forged (by Oliver's father) and the affidavit false.

Although dismissal with prejudice is a permissible judicial sanction for fraud on the court, *Kovilic Construction Co. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir.1997); *Peerless Industrial Paint Coatings Co. v. Canam Steel Corp.*, 979 F.2d 685 (8th Cir.1992) (per curiam); *Nichols v. Klein Tools, Inc.*, 949 F.2d 1047 (8th Cir. 1991); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1122 (1st Cir.1989); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983), the general rule is that before dismissing a suit with prejudice as a sanction for misconduct a court should consider the adequacy of a less severe sanction, *Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir.1993); *English v. Cowell*, 969 F.2d 465, 473 (7th Cir.1992); *Aoude v. Mobil Oil Corp., supra*, 892 F.2d at 1118; see also *Kapco Mfg. Co. v. C&O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir.1989), and there is no indication that the district court did that here. But we do not think that such consideration is necessary in a case in which the plaintiff's fraud is criminal in character and would if undetected destroy a legitimate and dispositive defense. Cf. *Wyle v. R.J. Reynolds Industries, Inc., supra*, 709 F.2d at 591. Such behavior is so egregious, inexcusable, and destructive that no lesser sanction than dismissal with prejudice could be adequate. See *Nichols v. Klein Tools, Inc., supra*, 949 F.2d at 1049; *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 396 (1st Cir.1990); *Aoude v. Mobil Oil Corp., supra*, 892 F.2d at 1122; *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11–12 (1st Cir.1985); cf. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984).

The request for a certificate for appealability is therefore

DENIED.