In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1219

Kenneth Oliver,

Petitioner-Appellant,

v.

Richard B. Gramley, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 4962--George W. Lindberg, Judge.

Submitted September 3, 1999--Decided December 29, 1999

Before Posner, Chief Judge, Bauer and Cudahy,
Circuit Judges.

Posner, Chief Judge.  The district judge
dismissed Oliver's petition for habeas corpus (28
U.S.C. sec. 2254) with prejudice (compare
Demarest v. Price, 130 F.3d 922, 939 (10th Cir.
1997)), on the ground that he had committed a
fraud on the court, and denied Oliver's request
for a certificate of appealability, and he renews
the request with us.

When the state sought to dismiss Oliver's
petition for habeas corpus on the ground that he
had failed to petition the Supreme Court of
Illinois for leave to appeal, he came back with
an affidavit swearing that he had given prison
officials the petition to file, and he also
submitted what appeared to be a certificate of
service. The district judge thought the
certificate a forgery and the affidavit
perjurious, and Oliver, while denying that he
intended to commit perjury or deceive the court,
does not deny that the certificate was forged (by
Oliver's father) and the affidavit false.
    Although dismissal with prejudice is a
permissible judicial sanction for fraud on the
court, Kovilic Construction Co. v. Missbrenner,
106 F.3d 768, 773 (7th Cir. 1997); Peerless
Industrial Paint Coatings Co. v. Canam Steel
Corp., 979 F.2d 685 (8th Cir. 1992) (per curiam);

Nichols v. Klein Tools, Inc., 949 F.2d 1047 (8th Cir. 1991); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1122 (1st Cir. 1989); Wyle v. R.J. Renolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983), the general rule is that before dismissing a suit with prejudice as a sanction for misconduct a court should consider the adequacy of a less severe sanction, Ball v. City of Chicago, 2 F.3d 752, 758 (7th Cir. 1993); English v. Cowell, 969 F.2d 465, 473 (7th Cir. 1992); Aoude v. Mobil Oil Corp., supra, 892 F.2d at 1118; see also Kapco Mfg. Co. v. C & O Enterprises, Inc., 886 F.2d 1485, 1496 (7th Cir. 1989), and there is no indication that the district court did that here. But we do not think that such consideration is necessary in a case in which the plaintiff's fraud is criminal in character and would if undetected destroy a legitimate and dispositive defense. Cf. Wyle v. R.J. Renolds Industries, Inc., supra, 709 F.2d at 591. Such behavior is so egregious, inexcusable, and destructive that no lesser sanction than dismissal with prejudice could be adequate. See Nichols v. Klein Tools, Inc., supra, 949 F.2d at 1049; Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990); Aoude v. Mobil Oil Corp., supra, 892 F.2d at 1122; Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11-12 (1st Cir. 1985); cf. C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1209 (7th Cir. 1984).

The request for a certificate for appealability is therefore

Denied.