John S. HROBOWSKI, Plaintiff–Appellant,

v.

COMMONWEALTH EDISON COMPANY, Defendant–Appellee.

No. 99–1924.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1999

Decided Feb. 9, 2000

Rehearing and Rehearing En Banc Denied March 8, 2000.

**446**

Michael A. Childers (argued), Chicago, IL, Danny L. Windham, Childers, Williams & Windham, Chicago, IL, for plaintiff-appellant.

Joan E. Slavin, Freeborn & Peters, Chicago, IL, Carolyn Kohn Winick (argued), Commonwealth Edison Company, Chicago, IL, for defendant-appellee.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Several glitches have coalesced to create the conundrum we consider today. On the third day of a trial pitting John Hrobowski against his former employer, Commonwealth Edison, the district court dismissed Hrobowski's race and disability discrimination claims with prejudice. The dismissal did not follow any revelation about the underlying merits of the suit, but instead came on the heels of a cross-examination showing that Hrobowski failed to disclose what the district court believed to be relevant financial information on two applications to proceed *in forma pauperis*. Ordinarily, such a dismissal under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(A), raises few tricky issues on appeal. But this is not a typical case—when his claims were dismissed, Hrobowski was not proceeding (or at least should not have been proceeding) *in forma pauperis*.

In late 1996 Hrobowski filed a complaint *pro se* against ComEd alleging that the company's failure to allow him to return to his prior position following an injury violated federal race (Hrobowski is African–American) and disability discrimination laws. Simultaneously he completed an application to proceed *in forma pauperis* in which he disclosed an income of $47,928 a year and a lot in Maywood (Illinois) for which he paid $18,200. He didn't mention, however, that he owned a 1991 pickup truck and that he maintained varying ownership interests in a number of automobiles apparently owned by his children. Based on this financial information, Hrobowski also filed a motion for appointment of counsel.

■ Oddly, despite his truthful reporting of a rather healthy income, the district court[1] granted Hrobowski *in forma pauperis* status and arranged for an attorney to take his case *pro bono*. This was, it seems to us, the first glitch. We believe Hrobowski's financial disclosure, even if incomplete, should have made him ineligible to proceed *in forma pauperis*. Yet, with the court's blessing, Hrobowski was allowed to proceed without paying a filing fee.

This minor victory presaged continued success for Hrobowski as ComEd eventually agreed to restore him to his prior position with full seniority and to make up for almost all of his claimed lost overtime. Apparently, however, Hrobowski and his lawyer clashed over the generosity of ComEd's offer, for in March 1998, citing "disagreement on further litigation strategy," the attorney requested leave to withdraw and Hrobowski did not object. Instead, when the district court granted his lawyer's motion, Hrobowski immediately obtained new counsel on his own nickel.

---

1. All district court activity that we will be referring to, except for the trial, was handled by Judge Blanche Manning. The case was transferred to Judge James T. Moody (from Indiana, but graciously helping out in Chicago) for trial.

But like many who have gone before him, Hrobowski apparently did not like paying legal fees. Thus, in an attempt to return to the salad days of expense-free litigation, he filed another application to proceed *in forma pauperis*[2] and a new motion for appointed counsel. On his second application Hrobowski stated that he had take-home pay of $885 per pay period (for what "pay period" we don't know; if it was per week, that's $46,020 a year; if it was bi-monthly, that's $21,240 a year), but he did not report that he received around $30,000 in workers' compensation payments in the preceding year, that he maintained his interest in the Maywood lot, and that he owned one car outright and still possessed ownership interests in his children's vehicles. The omission of the workers' compensation he received was particularly glaring because Hrobowski checked the "no" box on his application following a question specifically asking whether he had received any such payments in the past year.

■ Using a slightly more conservative formula to determine how much a person must earn to escape paying a $150 filing fee, the district court denied this second application and also rejected the motion for appointment of counsel, noting that Hrobowski not only appeared financially capable of retaining a lawyer, but had already done so. This is where the next glitch occurred: since Hrobowski was already proceeding *in forma pauperis*, his "application to proceed without prepayment of fees" was unnecessary if all he wanted to do was save $150. But Hrobowski filed the application anyway—most likely because the court required current financial information before it would consider his renewed motion for appointment of counsel—and this, in turn, led to another glitch. For once the court denied the second application, Hrobowski should not have been permitted to proceed further in the case without paying a filing fee. However, even though the fee was not assessed (through no fault of Hrobowski's), the court permitted the case to move forward.

And Hrobowski (with his retained lawyer) pressed on. At first this looked like a good move, as he sailed through ComEd's attempt to have the case dismissed on summary judgment. But soon after his trial began, Hrobowski's luck went south.

On the afternoon of the trial's second day Hrobowski faced a withering cross-examination that revealed the various omissions on his *in forma pauperis* applications. In light of this testimony, ComEd filed a motion for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A).[3] The judge granted the motion, stating:

> This Court finds that the plaintiff's explanations concerning the statements that are contained in his application[s] to proceed in forma pauperis ... are just not plausible.
>
> ... [T]he plaintiff knowingly and intentionally gave false information as to his true financial status. Therefore, the defendant's motion to dismiss is granted. And pursuant to [28 U.S.C. § 1915(e)(2)(A)], this case is now ordered dismissed with prejudice as a sanction for attempting to deceive this Court by making false allegations of poverty.

2. The reporting form used in 1996 was called an "application to proceed in forma pauperis." The form used in 1998, reflecting modifications in the law, was called an "application to proceed without prepayment of fees."

3. The statute reads, in pertinent part:

§ **1915. Proceedings in forma pauperis**

\*　　\*　　\*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue[.]

And with that, Hrobowski's 2-½ year battle with ComEd came to an abrupt halt.

■ Hrobowski now appeals the district court's dismissal, asking that we allow the case to be decided on the merits. Before we can evaluate this request, we must determine the correct standard for our review. Until now, we have not been presented with a case that has required us to choose whether § 1915(e)(2)(A) dismissals should be reviewed *de novo* or for abuse of discretion. *See, e.g., Mathis v. New York Life Ins.*, 133 F.3d 546 (7th Cir.1998). This appeal demands a choice. But before we make it, we reiterate that Hrobowski's is not the average § 1915(e)(2)(A) dismissal. Typically, we are asked to evaluate whether a district court's take on the facts—i.e., whether or not a plaintiff's allegation of poverty is untrue—support a dismissal under the statute. Here we face a different task, addressing solely the question of whether the statute forced the district court to dismiss (recall, the statute says "shall" dismiss) Hrobowski's case after the omissions in his *in forma pauperis* applications came to light even though he was, at trial, pursuing his suit at his own expense. As this call does not require any special weighing of the facts developed in the district court, but instead presents a legal question, we assess it *de novo*. However, because this case does not raise it, we leave open the question of whether fact-based appeals from § 1915(e)(2)(A) dismissals should be reviewed under the same standard.

■ We now turn to the question at hand: Did the district court err in using § 1915(e)(2)(A) to dismiss the case after it had denied Hrobowski's second request to proceed *in forma pauperis*? This is a matter of first impression for us, and one that has generated little comment elsewhere. But we do not proceed on a completely clean slate. Several circuits have noted the unexceptional proposition that § 1915(e)(2) does not apply to cases where a party has never tried to proceed *in forma pauperis*. *See, e.g., Bazrowx v.*

*Scott*, 136 F.3d 1053, 1054 (5th Cir.), *cert. denied*, 525 U.S. 865, 119 S.Ct. 156, 142 L.Ed.2d 128 (1998). And we have repeatedly permitted dismissals under the statute where a party has been granted *in forma pauperis* status. *See, e.g., Mathis*, 133 F.3d 546. Thus, in its simplest form, our inquiry centers on whether Hrobowski more closely resembles a party reaping the benefits of *in forma pauperis* status, or one who has not.

In this light, our path is clear. Once the district court denied Hrobowski's second *in forma pauperis* application, his obligation to pay filing fees kicked in and he began to proceed (or at least should have been ordered to proceed) like any other plaintiff. In other words, we view the denial of the second application as a revocation of the initial grant of pauper status. And, like any other plaintiff, once Hrobowski lost his pauper status, he expended considerable money and effort over the next 11 months bringing his case to trial. To dismiss his case under a section of the U.S. Code entitled "Proceedings in forma pauperis" after such a long stretch of proceeding as a nonpauper does not make sense. Sure, he was proceeding without paying the filing fee, but that was an oversight by the court in not requiring the payment. So the district court erred, we conclude, in using the *mandatory* dismissal language of § 1915(e)(2) to settle Hrobowski's case.

But this does not mean Hrobowski may simply pick up where he left off. The district court found that he had fibbed on the two *in forma pauperis* applications. And although the "omissions" on the first one are not very significant, the workers' comp nondisclosure on the second one was. Hrobowski's false statements could subject him to sanctions under Rule 11 of the Federal Rules of Civil Procedure. And while Rule 11, unlike § 1915(e)(2), does not mandate dismissal for false statements, the district court could do so if it deemed that Hrobowski's deeds merited such a harsh punishment. However, the court could

also opt for a less drastic penalty and allow the case to proceed on to the merits. As the district court can best gauge the egregiousness of Hrobowski's omissions, we leave this call to its discretion. But in making this determination, the court should give considerable weight to the fact that Hrobowski did, in fact, disclose the existence of considerable income on his first *in forma pauperis* application, and that this whole problem could have been avoided if that application had been, as it seems to us it should have been, denied.

For these reasons, we REVERSE the district court's judgment and REMAND the case for further proceedings.

BAUER, Circuit Judge, dissenting.

I respectfully dissent. I think the trial court had it right; the plaintiff lied, conned the district judge into appointing an attorney, wasted the attorney's time (which is all an attorney has to sell), and imposed on the court for years. The "shall dismiss" rule was ripe for use and was, in my opinion, properly used. To permit this man to further abuse the system is not appropriate or necessary. I would affirm the dismissal.