NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 7, 2007[*]
Decided February 7, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 06-2251 | |
| | Appeal from the United States |
| DELBERT HEARD, | District Court for the Northern |
| *Plaintiff-Appellant,* | District of Illinois, Eastern Division |
| | |
| *v.* | No. 06 C 0644 |
| | |
| ROD BLAGOJEVICH, et al., | Wayne R. Andersen, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

In this action arising under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, inmate Delbert Heard claims that prison employees and the contract medical providers at

---

[*]The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

his institution have denied him medical care and impeded the practice of his religion. The district court dismissed his complaint at initial screening, *see* 28 U.S.C. § 1915A, reasoning that Heard had committed a fraud on the court and that his suit was malicious because the court previously had warned Heard that one of the claims is frivolous. Because neither of these reasons can support dismissal under § 1915A, we vacate and remand.

Heard has been in this court before. We previously vacated the dismissal of another complaint by him alleging that prison officials were deliberately indifferent to his medical needs. *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001). Heard ultimately lost that case at summary judgment, a decision we affirmed. *Heard v. Sheahan*, No. 04-3162, 2005 WL 2030660 (7th Cir. Aug. 24, 2005). He then filed the present complaint, but when the district court first received it, the court noticed that Jackey Lee Bond, another inmate named in the caption as a co-plaintiff, had not signed the complaint and was listed under an incorrect inmate registration number. The court also noticed that none of the allegations in the complaint involved Bond personally.

Suspicious that Bond had not consented to the suit, the court issued an order directing Bond to submit a response indicating whether he wanted to participate. The court warned Heard that, if he had named Bond as a plaintiff without Bond's consent, his suit would be subject to dismissal for fraud on the court. In this same order the district court observed that Heard's claim under RLUIPA—that the refusal to allow him conjugal visits with his wife was impeding his practice of religion—tracked a parallel constitutional claim that he tried to litigate in an earlier suit. In the prior suit the court had admonished Heard that the claim was frivolous, and this time the court warned Heard that by bringing the claim again, he was exposing himself to the possibility of sanctions under Federal Rule of Civil Procedure 11. The court concluded by dismissing Heard's complaint without prejudice so that he could remove any named plaintiff who did not wish to proceed and excise any claim he did not wish to pursue. Finally, the court noted that neither Heard nor Bond had paid the filing fee. The court concluded that each had to pay the full fee, and gave Heard thirty days to either pay the fee or file an application to proceed *in forma pauperis*. The court told Bond that he would have to pay the full fee if he wanted to continue as a party because he already had three strikes. *See* 28 U.S.C. § 1915(g).

Heard responded to this order by filing an amended complaint that lists only himself as plaintiff but retains the RLUIPA claim concerning the refusal to allow conjugal visits. He also paid the full filing fee. A few weeks later Bond informed the district court in writing that he did not know Heard, had no knowledge of the lawsuit, and did not wish to participate in the litigation. Heard replied that Bond was lying. He speculated that Bond had wanted to avoid the consequences of being a three-striker and was hoping that by joining Heard's suit he could avoid paying

the full filing fee.  Heard added that Bond had abandoned this plan and falsely disclaimed his role in the lawsuit after he learned that both inmates would have to pay the full fee and that the court suspected Bond's purported participation in the case was a fraud.  The court, however, decided without explanation that Heard was the liar and indeed had listed Bond as a co-plaintiff without Bond's consent.  The court, citing both § 1915A and 28 U.S.C. § 1915(e)(2)(b), then dismissed Heard's amended complaint with prejudice.  The court reasoned that Heard had committed fraud on the court by falsely naming Bond as a co-plaintiff, and that his attempt to relitigate the religion claim after being warned that it was frivolous rendered the suit malicious.

Heard's most substantial argument is that the court had no authority either to dismiss the complaint as fraudulent or to dismiss the entire complaint simply because it includes one claim deemed to be "malicious."  Under § 1915A, a district court must dismiss prisoner litigation against governmental entities or employees to the extent the suit is frivolous, malicious, fails to state a claim, or seeks monetary relief from immune parties.  The district court in its order of dismissal refers both to § 1915A and § 1915(e)(2)(B), but Heard's complaint was not subject to the latter provision because the court never allowed him to proceed *in forma pauperis*.  *See Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).  Our review, then, is limited to § 1915A, since that is the only plausible basis for dismissal relied upon by the district court.

Section 1915A does not list fraud as a ground for dismissal.  The district court may have intended to dismiss the complaint as frivolous or malicious, but Heard's species of fraud does not make his complaint either.  A frivolous complaint is one lacking an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000) (noting that frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit").  Complaints containing fraudulent misrepresentations might lack an arguable basis in fact or law, for example, if the essential allegations underlying the claims for relief are lies.  *See Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).  But that is not what the district court found here.  Even if the court had reason to label Heard and not Bond the liar, Heard's misrepresentation that Bond wanted to participate in the suit does not make the factual allegations underlying his claims untrue.  Likewise, Heard's fraud does not makes his complaint malicious.  A malicious complaint is one brought for purposes of harassment.  *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).  If there is something to Heard's allegations (and right now, at least with respect to his medical claims, we have no way of knowing), then the complaint was not filed for an improper purpose. We might speculate that Heard falsely named Bond as a plaintiff to provide some corroboration for his allegations, but that does not mean the entire case is a lie brought solely to harass the defendants.

We also agree with Heard that the district court's alternative ground for the dismissal cannot stand. Section 1915A does not require a court to dismiss a prisoner's entire complaint simply because one claim is malicious. On the contrary, the statute specifically says courts "shall . . . dismiss the complaint, or any portion of the complaint. . . ." 28 U.S.C. § 1915A(b). The usual practice when a complaint contains both viable and defective claims is to dismiss the bad claims and let the rest go ahead. *See Jones v. Bock*, Nos. 05-7058, 05-7142, 2007 WL 135890, at *13 (U.S. Jan. 22, 2007); *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999).

The district court may have intended to dismiss the entire complaint as a sanction either because Heard committed fraud or because he refiled his complaint containing the RLUIPA claim after the court told him that claim was frivolous. District courts do have the authority to dismiss a case in its entirety because of the plaintiff's misconduct. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999). But the decision to dismiss a case as a sanction is discretionary, while dismissal under § 1915A or § 1915(e)(2) is not. *See Hrobowski*, 203 F.3d at 448-49. Given the district court's multiple references to § 1915A and § 1915(e)(2)(B), it is not clear whether the court actually exercised its discretion to dismiss the case as a sanction or dismissed because it thought this result was required under the statutes it cited. So we must remand for the district court to clarify this point. *See Hrobowski*, 203 F.3d at 448-49.

We also note that, even though the district court has the authority to dismiss Heard's case as a sanction for his fraud, dismissal is a severe sanction that ordinarily should be used only after considering whether lesser sanctions would suffice. *See Oliver*, 200 F.3d at 466; *see also Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003) (suggesting dismissal might be too severe a sanction even for fraud if fraud was "clumsily committed and quickly discovered"). On remand, the court should consider whether Heard's fraud was egregious enough to justify such a severe sanction.

VACATED and REMANDED.