**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012[*]
Decided March 9, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2471

| | |
|---|---|
| LONNIE L. JACKSON,<br>*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 10-cv-425-bbc |
| PATRICK J. MURPHY, et al.,<br>*Defendants-Appellees*. | Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

Lonnie Jackson, a Wisconsin inmate, is suing prison officers pro se under 42 U.S.C. § 1983 for their deliberate indifference to several of his medical needs. After determining in a related case that Jackson had forged a prison grievance, the court granted partial summary judgment, citing his failure to exhaust some of his deliberate-indifference claims. The district court then dismissed the remaining claims as a sanction for filing the falsified document and lying to the court about it. Jackson appeals both the grant of partial summary judgment and the dismissal. We affirm the judgment.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Jackson sued more than 20 defendants, contending that they violated two sets of constitutional rights while he was housed at Oshkosh Correctional Institution. In his first set of claims, he alleges that on October 9, 2008, correctional officers beat him, giving rise to excessive-force claims. He asserts in his second set of claims that other prison staff, including those who provided health services, were deliberately indifferent to an ear injury that he allegedly sustained from the 2008 beating, and to other medical problems (hearing loss, itching, and a rash) that remain ongoing. The court split Jackson's two sets of claims into two lawsuits, which proceeded simultaneously.

The defendants moved for summary judgment in the first case and partial summary judgment in the second case, arguing that Jackson did not exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), for claims arising from the 2008 incident. Wisconsin's procedure requires that a grievance be submitted "within 14 calendar days after the occurrence giving rise to the complaint," though late grievances may be accepted upon a showing of good cause. See Wis. Admin. Code § DOC 310.09(6). Jackson asserted that on October 13, 2008, he filed a grievance about the 2008 beating, which he says went unanswered. The defendants replied that they have no record of it. They add that Jackson waited nearly a year to inquire into the status of his alleged grievance from 2008, and in response to his inquiry, a complaint examiner told him to refile it and give good cause for the late filing. Jackson filed this grievance in October 2009, more than one year after the incident, and the prison rejected his assertion of good cause.

The court held an evidentiary hearing, see *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to determine if Jackson timely grieved his 2008 injuries. At the hearing Jackson produced a document that he swore "under penalty of perjury" in an affidavit was the timely grievance from 2008. The district court, however, disbelieved Jackson and concluded that he had written the grievance in 2009, backdated it to October 2008, and made a carbon copy to convince the court that he had filed the original in 2008. Because Jackson had not timely grieved his excessive-force claims, the court dismissed the first case without prejudice for failure to exhaust. Jackson appealed this judgment, but the district court denied his motion to proceed in forma pauperis on appeal, reasoning that the appeal was not taken in good faith. This court then dismissed his appeal for failure to pay the filing fee.

In the second case, which covers the deliberate-indifference claims, Jackson had also advanced the same assertion about a lost 2008 grievance. Citing Jackson's failure to exhaust his claims that prison officials were deliberately indifferent to his ear injury in 2008, the defendants moved to dismiss those claims. The district judge—the same judge as in the first case—took "judicial notice" of her finding from the first case that Jackson did not

timely grieve his injuries arising from the 2008 beating and dismissed without prejudice those claims.

The defendants did not move to dismiss for failure to exhaust Jackson's other deliberate-indifference claims about the ongoing denial of medical treatment; rather, they asked the court to use its inherent power to dismiss those claims in order to sanction Jackson for falsifying the document that he submitted to the court and lying in his affidavit that he handed the grievance to an officer in October 2008. Jackson disputed that in the first case the court had ruled that he had falsified anything. Alternatively, he asked the court to impose a sanction lesser than dismissal of his remaining claims.

The district court granted the motion for sanctions and dismissed the case. The court explained that Jackson's was "the most egregious sort of misconduct" because he forged a document, lied to the court, and forced a costly hearing by creating a factual dispute where none existed. Although a warning is at times required before dismissing a case, the court explained, Jackson needed no warning to know that lying to the court is wrong. The court considered other sanctions but concluded that they would be ineffective: Converting the partial summary judgment of the 2008 claims to a judgment with prejudice would add nothing because Jackson had little prospect of timely exhausting those claims. And because Jackson proceeded in forma pauperis, a monetary sanction would have no effect on him. The court also emphasized the need to deter future plaintiffs from lying to the court.

On appeal, Jackson contests the first case's factual finding that he failed to exhaust, and he opposes applying that finding to this case, which the court did through "judicial notice." He maintains that he did not file a fraudulent document with the court or backdate the grievance. Accordingly, in this case the court neither should have granted partial summary judgment for the defendants nor sanctioned Jackson. Jackson also argues that, even if his conduct was wrong, the sanction of dismissal was unduly harsh. His conduct, he contends, was not continuous or egregious, and the court should have warned him or imposed a lesser sanction (such as extending his prison release date) rather than dismiss his case.

Under the Federal Rules of Evidence, courts can judicially notice only those facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined." FED. R. EVID. 201(b); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081, 1082 & n.6 (7th Cir. 1997). Factual findings made after an evidentiary hearing are generally not subject to judicial notice. See, *e.g.*, *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649–50 (7th Cir. 2011). But the district court was not wrong to adopt its findings about exhaustion. The court properly precluded Jackson

from relitigating an issue that it already had decided. See *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Matrix IV, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). "Collateral estoppel (issue preclusion) will bar relitigation of the grounds on which the present suit was dismissed." *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011), *cert. denied* 132 S. Ct. 397 (2011). Ordinarily issue preclusion would be raised as an affirmative defense, but in this case it was not error for the judge—who presided over both cases—to anticipate the defense. The parties do not dispute that the exhaustion issue presented here was decided at the evidentiary hearing in the first case. Furthermore, the parties were the same, and there was a final judgment on the issue. *See Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins.*, 611 F.3d 339, 356 (7th Cir. 2010). Therefore, the district court properly precluded relitigation of Jackson's exhaustion arguments (even if it mislabeled its action as judicial notice) and correctly granted partial summary judgment.

We next turn to the district court's use of its inherent power to sanction Jackson by dismissing his remaining medical claims. We review that dismissal for abuse of discretion. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). The severity of a sanction should be proportional to the gravity of the offense, *Williams v. Adams*, 660 F.3d 263, 265–66 (7th Cir. 2011); *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003), and before it sanctions a litigant under its inherent power a court must find that the party "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *see Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). "As a fraud on the court, perjury may warrant the sanction of dismissal," *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008); *see Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77–79 (5th Cir. 2011) (perjury); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009) (submission of falsified evidence to the court); *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1381 (Fed. Cir. 2004) (destruction of evidence and perjury); *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001) (perjury), unless it was harmless to the litigation, was quickly discovered, or other parties had also perjured themselves, *Allen*, 317 F.3d at 703.

Here, the sanction of dismissal was entirely warranted. Jackson both perjured himself and forged a document critical to the prosecution of his case. His fraud was uncovered only after a costly and contested hearing. "[I]n a case in which the plaintiff's fraud is criminal in character and would if undetected destroy a legitimate and dispositive defense," a district court need not consider lesser sanctions, *Oliver*, 200 F.3d at 466, but here the court did. It considered dismissing Jackson's unexhausted claims with prejudice and adding a monetary fine, see *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003), but reasonably concluded that those alternatives were inadequate because the opportunity to timely grieve

those claims had passed and he was indigent. Also, although it need not have considered the prejudice to the defendants, see *Salmeron*, 579 F.3d at 797; *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993), the court did this as well. Jackson created a factual dispute where there was none, costing the defendants time and resources. Finally, the court properly considered the need "to deter future parties from trampling upon the integrity of the court." *Dotson*, 321 F.3d at 668; see *Salmeron*, 579 F.3d at 797.

Jackson makes much of the district court's failure to warn before dismissing his case, but a warning to testify honestly was not required. The warning requirement is designed to provide notice in cases of dismissal, such as those for failure to prosecute, where a plaintiff might not realize the significance of a missed deadline, see *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993), and even in those cases it is not a rigid rule. See *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). A court may punish particularly egregious misconduct by dismissing a case without advanced warning. See *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). This is such a case because Jackson, like any litigant, required no notification that he may not forge documents and must tell the truth when testifying in an affidavit.

AFFIRMED.