HAYNES, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the majority opinion that the better view of the law is that the magistrate judge had the authority to investigate the truthfulness of the original poverty allegations even after the pro se plaintiff withdrew his IFP application. However, the Seventh Circuit’s decision regarding a related question in Hrobowski v. Commonwealth Edison Co., 203 F.3d 445 (7th Cir. 2000) demonstrates that this is far from an obvious legal proposition to ■ a group of judges, much less to a pro se litigant.
In Hrobowski, the district court initially granted a plaintiffs application to proceed IFP in his discrimination suit and appointed counsel to represent the plaintiff pro bono. Id. at 446. Subsequently, the plaintiff hired and paid for a new attorney when his appointed counsel sought and was granted leave to withdraw (to which the plaintiff did not object). Id. Later in the course of the litigation, the plaintiff filed a second application to proceed IFP and ■ again sought appointment of counsel. Id. at 447. The district court denied the plaintiffs second application and the case proceeded to trial. ■ Id. On the second day of trial, it came to light during cross examination of the plaintiff that his second application for IFP status contained significant omissions. Id. In light of this testimony and upon the defendant’s motion, the district court dismissed the plaintiffs case as a sanction pursuant to 28 U.S.C. § 1915(e)(2)(A). Id.
The Seventh Circuit reversed. Id. at 449. Concluding first that the question presented — “whether [§ 1915(e)(2)(A)] forced the district court to dismiss ... [the plaintiffs] case after the omissions in his in forma pauperis applications came to light” — was a question of law, the court reviewed the district court’s decision de novo. Id. at 448. The court went on to determine that the denial of the plaintiffs second IFP application operated “as a revocation of the initial grant of [IFP] status,” and thus “his obligation to pay filing fees kicked in and he began to proceed (or at least should have been ordered to proceed) like any other plaintiff.” Id. Over the subsequent 11 months, “he expended considerable money and effort ... bringing his case to trial,” in accordance with his non-IFP status. Id. The court concluded that the district court’s dismissal of the case under the code provision entitled “‘proceedings in *444 forma pauperis’ after such a long stretch of [the plaintiff] proceeding as a nonpauper d[id] not make sense.” Id. Thus, the court held that the district court erred in using the mandatory dismissal language of § 1915(e)(2)(A) to dismiss the plaintiffs suit. Id.
Hrobowski does not directly address the question raised by this appeal — whether the district court has the discretion to develop evidence relevant to § 1915(e)(2)(A) when an IFP application is no longer pending. Rather, it addressed a related question — whether a judge has the power to dismiss a case under § 1915(e)(2)(A)’s mandatory dismissal provision when a plaintiff is no longer proceeding IFP (and has not been for some time). Further, unlike the district court in Hrobowski, the district court in this case dismissed Nottingham’s appeal under Federal Rule of Civil Procedure 41(b) — not § 1915(e)(2)(A).
Nonetheless, Hrobowski’& holding could be read to call into question a magistrate judge’s power'to continue to investigate a plaintiffs IFP status even after an IFP application has been withdrawn. Given the uncertainty exhibited by the arguable dissonance between the Seventh Circuit’s holding in Hrobowski and the majority opinion in this case, it is understandable that .Nottingham, a pro se litigant, would not necessarily intuit that the magistrate judge could continue to require the submission of financial disclosures even after the withdrawal of his IFP application. Accordingly, ■ I conclude that Nottingham’s conduct did not evince the “purposeful delay or contumaciousness” necessary for what is effectively a dismissal with prejudice. Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996). A plaintiff should not be punished to the point of losing his case for disputing a legal proposition which is not obvious. Id.
Additionally, I disagree that Nottingham was clearly warned of the possibility of immediate dismissal. As the majority opinion shows, the magistrate judge stated only that “a failure to comply may lead to the imposition of sanctions including the assessment of a monetary sanction and, ultimately, dismissal of this lawsuit.” Maj. Op. at 440 (emphasis added). The dismissal was not “ultimately”; it took place immediately.
For these reasons, I dissent. Now that we have made the law clear, instead of affirming, I would give Nottingham another chance by remanding the ease with directions that the district court allow him one more opportunity to respond to the magistrate judge’s order in question within a stated (reasonable) time. If he then fails to comply, his ease should be dismissed.