NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2020[*]
Decided August 28, 2020

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 20-1579

| | |
|---|---|
| SABINA BURTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 14-cv-274-jdp |
| BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM, et al., *Defendants-Appellees*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Sabina Burton, formerly a tenured professor at the University of Wisconsin-Platteville, appeals the denial of her second post-judgment motion seeking to set aside the dismissal of her employment-discrimination suit against the school's Board of Regents and three individual defendants. *See* Title VII of the Civil Rights Act of 1964,

---

[*] We have agreed to decide this appeal without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

42 U.S.C. § 2000e-3(a); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* The district court denied the motion as duplicative of an earlier motion it had denied and, in any case, inapplicable. We affirm.

This is the second time that Burton has asked us to review the proceedings of her suit. In a prior appeal, we upheld the entry of summary judgment for the Board on both the Title VII and Title IX claims. *See Burton v. Bd. of Regents of the Univ. of Wis. Sys.*, 851 F.3d 690, 696–97 (7th Cir. 2017).

Nearly two and a half years later, Burton moved to set aside the judgment on grounds that the defendants, during discovery, had withheld documents that supported her theory of retaliation. The district court construed her motion under Federal Rule of Civil Procedure 60(b)(2)—as a request for relief based on newly discovered evidence—and denied it as untimely because she had not filed it within a year of entry of judgment. *See* FED. R. CIV. P. 60(c). Burton next sought reconsideration, which the court also denied, warning her that it would not consider any additional motions on the issue.

Burton nevertheless moved again to reopen the case, reiterating her belief that the defendants had withheld documents improperly. Their misconduct, she now asserted, amounted to a "fraud on the court" under Rule 60(b)(3). Unlike other provisions under Rule 60(b), this provision sets no time limit on a court's power to set aside a judgment. The court denied this motion too, however, pointing out that she was "raising the same issue yet again" and that in any event, the doctrine would not apply because it covers only extraordinary circumstances such as corruption of the judicial process—far from the civil discovery violations alleged here.

On appeal, Burton challenges this ruling and maintains that defendants committed fraud on the court by withholding evidence in bad faith. The three cases she cites in support, however, are all inapposite. *See Matter of Met-L-Wood Corp.*, 861 F.2d 1012, 1019 (7th Cir. 1988) (noting only that ex parte contact by a judge is not fraud on the court); *Domanus v. Lewicki*, 742 F.3d 290, 302 (7th Cir. 2014) (concluding that "mosaic" of discovery abuses warranted grant of default judgment but not mentioning "fraud on the court"); *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999) (not mentioning discovery violations). As the defendants note, we previously have upheld a district court's decision to "reasonably dr[a]w a line between an apparent discovery violation and fraud [on the court]." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (discovery

violations do not corrupt the judicial process itself). The district court here acted well within its discretion by concluding that the alleged violations did not cross that line.

We have considered Burton's other contentions and none has merit.

AFFIRMED