# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1554

HARRY RODRIGUEZ,

*Plaintiff-Appellant*,

v.

KENNETH R. BRILEY, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 01 C 5775—**Amy J. St. Eve**, *Judge*.

_____

SUBMITTED MARCH 21, 2005—DECIDED APRIL 14, 2005

_____


Before BAUER, POSNER, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. Rodriguez, an Illinois state pris-
oner, appeals from the grant of summary judgment to
prison officials whom he had sued under 42 U.S.C. § 1983,
claiming that they had inflicted cruel and unusual punish-
ment on him by denying him showers and withholding
meals from him. The prison has a rule, the validity of which
is not challenged, that when they are outside their cells
prisoners must store certain of their belongings in a storage
box in the cell; the purpose is to enhance fire safety, facili-

tate searches of the cell, and in other ways as well promote safety and security. Unless a prisoner complies with the rule, he is forbidden to leave his cell, which means he can't take a shower, or even have a meal, because for the class of prisoners to which Rodriguez belongs meals are served only in the prison cafeteria and not in the inmates' cells. Rodriguez repeatedly refused to comply with the rule and as a result in an 18-month period missed 75 showers and between 300 and 350 meals, with various consequences that included a rash, fatigue, and a loss of 90 pounds. (Not that he needed those 90 pounds, since, before he started skipping meals, he weighed between 250 and 300 pounds and he is only 5 feet 8 inches tall.)

All other objections to this suit to one side (see, e.g., *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988), on the significance, or rather lack of significance, of limiting the right to take a shower), we think that deliberate non-compliance with a valid rule does not convert the consequences that flow automatically from that noncompliance into punishment. Rodriguez punished himself. It is not as if the sanction for violating the storage-box rule were to starve the violator or even force him to skip his next meal. Compare *Cooper v. Sheriff*, 929 F.2d 1078, 1083 (5th Cir. 1991) (per curiam). As soon as Rodriguez puts his belongings in the storage box, he can leave his cell and go to the cafeteria. So he was not punished, and so we need not decide whether, or how many, skipped meals constitute a cruel and unusual punishment for violation of a valid prison regulation. Rather, by failing to comply with a reasonable condition on being allowed to leave his cell, and as a result missing out on meals, Rodriguez punished himself.

Suppose he'd announced that he would skip dinner every day unless he were served champagne and caviar at least once a month. He, not the prison, would be the author of his being denied dinner. A prisoner cannot force the prison to

change its rules by going on a hunger strike and blaming the prison for his resulting loss of weight. *Talib v. Gilley*, 138 F.3d 211 (5th Cir. 1998). He cannot, in short, be permitted to engineer an Eighth Amendment violation. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). The analogy is to civil contempt. A person who is imprisoned for refusing to sign a deed that he is legally obligated to sign, but who can get out of prison just by signing it, cannot complain that he is being punished. E.g., *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107-08 (7th Cir. 2002); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916 (7th Cir. 2001). It is the same here. As pointed out in *Ort v. White*, 813 F.2d 318, 324-25 (11th Cir. 1987), there is a critical "distinction, for purposes of applying the eighth amendment in the context of prison discipline, between punishment after the fact and immediate coercive measures necessary to restore order or security."

At some point, refusal to eat might turn suicidal and then the prison would have to intervene. E.g., *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). Likewise if noncompliance with the rule were a product of insanity. Both situations are illustrated by *Sanville v. McCaughtry*, 266 F.3d 724, 729-34 (7th Cir. 2001). Neither is present here.

AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*