[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 7, 2006
THOMAS K. KAHN
CLERK

No. 05-16358
Non-Argument Calendar
_____

D. C. Docket No. 05-00094-CV-6

PAUL MARVIN HOOD,

Plaintiff-Appellant,

versus

WARDEN BILLY TOMPKINS,
COMMISSIONER JAMES E. DONALD,
Georgia Department of Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 7, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Paul M. Hood, a pro se Georgia prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil rights case without prejudice because Hood provided false information on the complaint form concerning his prior filing history. Hood checked "no" in response to a question on the complaint form asking "[W]hile incarcerated or detained at any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" After a Magistrate Judge entered a report identifying previous federal cases initiated by Hood that were not disclosed, Hood conceded that his filing history disclosures were incomplete but the district court still dismissed his case as a sanction for abuse of the judicial process. Hood appeals, contending that (1) his right to due process was violated because he was not afforded an evidentiary hearing to determine whether he lied on the complaint form; (2) the question was ambiguous and he had no reason to lie on the form, as his prior suits had not been dismissed for frivolity and (3) the court's reliance on the Prison Litigation Reform Act was misplaced.

A district court may impose sanctions if a party knowingly files a pleading contained false contentions. Fed. R. Civ. P. 11(c). We review sanctions imposed pursuant to Rule 11 for an abuse of discretion. *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam).

After a review of the record on appeal and consideration of Hood's brief, we find no abuse of discretion. Although sanctions imposed under Rule 11 ordinarily require notice and an opportunity to respond prior to the imposition of sanctions, Hood was afforded the opportunity to file objections to the Magistrate Judge's report, which he did. The objections were considered, but the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process. Secondly, we cannot conclude that the question on the complaint form asking about prior lawsuits in federal court is ambiguous. Nor do we find that the district court's reference to the Prison Litigation Reform Act is improper.

The district court did not abuse its discretion in dismissing this case without prejudice.

**AFFIRMED**.