NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted June 23, 2009[*]
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3062

| | |
|---|---|
| PAUL DARNELL TAYLOR, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07-CV-5097 |
| CITY OF CHICAGO, et al., | |
| *Defendants-Appellees*. | Robert M. Dow, Jr., |
| | *Judge*. |

**O R D E R**

In September 2007 Paul Taylor sued the City of Chicago and three police officers, claiming under 42 U.S.C. § 1983 that the officers had violated his constitutional rights. The district court granted the defendants' motion to dismiss the complaint. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Taylor's suit arises from two arrests, the first in June 2005 and the second the following month. Both arrests, according to Taylor, were unlawful, and by October 2005 all related charges had been dismissed. Taylor, though, already filed a nearly identical § 1983 suit against the City and the same three officers in June 2006, and in April 2007 the district court dismissed that action for failure to prosecute. *See Taylor v. Chi. Police Dep't*, No. 06 C 3168 (N.D. Ill. Apr. 13, 2007). Rather than appeal that decision, Taylor filed this action. The district court concluded that, not only is the new suit barred by the statute of limitations and precluded by the earlier complaint, but it should be dismissed because Taylor lied to the court by stating on his form complaint that he had not filed any other federal lawsuit.

On appeal Taylor argues that his complaint is not time-barred because he made an "honest attempt" to file it sooner; he does not address the district court's alternative grounds for dismissal. That omission is reason enough for us to uphold the judgment, *see Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998), but at all events Taylor's second lawsuit is precluded by the earlier judgment. The doctrine of claim preclusion bars relitigation of claims that were, or could have been, decided on the merits in a prior lawsuit between the same parties. *See Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 809 (7th Cir. 2009); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). A dismissal for failure to prosecute operates as a final judgment on the merits. FED. R. CIV. P. 41(b); *Tartt v. Northwest Comty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2007); *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989). Taylor's suit in June 2006 was against the same defendants and involved the identical constitutional claims based on the arrests in June and July 2005. The dismissal on grounds of claim preclusion was therefore correct.

AFFIRMED.