# In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 10-1619, 10-1627, 10-1629, 10-1640 & 10-1643

JOSHUA HOSKINS,

*Plaintiff-Appellant*,

*v.*

THOMAS DART, *et al.*,

*Defendants-Appellees*.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 10 C 0677, 10 C 0703, 10 C 0705, 10 C 0702 &
10 C 0676—**Blanche M. Manning**, *Judge.*

SUBMITTED DECEMBER 22, 2010*—DECIDED JANUARY 20, 2011

Before BAUER, TINDER, and HAMILTON, *Circuit Judges*.

---

* The appellees were never served with process in the
district court and are not participating in these appeals. After
examining the appellant's brief and the record, we have con-
cluded that oral argument is unnecessary. Thus, the appeals
are submitted on the appellant's brief and the record. See Fed.
R. App. P. 34(a)(2)(C).

PER CURIAM. Joshua Hoskins, a prisoner in Illinois, brought five suits under 42 U.S.C. § 1983 against the Sheriff of Cook County, Illinois, and various prison officers. The district court dismissed Hoskins' suits after concluding that he fraudulently misrepresented his litigation history to the court. We affirm.

Hoskins' five complaints allege that the officers used excessive physical force against him and others, left him naked overnight in a cold, drafty cell during the winter, denied him prescribed psychiatric medication, and refused to process prisoner grievances adequately. Hoskins completed his five complaints on court-issued forms. Each form ordered him to list "ALL lawsuits" that he had filed or risk dismissal of his case. The warning for violating the order appears in bold, capitalized font: "YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." A year earlier, Hoskins had filed three federal civil rights cases on similar claims, all of which he was still litigating, but Hoskins did not list them on any of the five complaints. Instead, he prominently made large X's through the litigation-history portion of his complaints. He then certified the accuracy of his complaints by signing each of them below a warning cautioning him that if his certification was incorrect, he "may be subject to sanctions by the court."

The district court screened the cases and discovered that Hoskins had omitted his litigation history. The district court found that the omissions were fraudulent

and then dismissed each case with prejudice. The court reasoned that Hoskins made material and false omissions because he failed to identify the three cases that he was currently litigating before the court. The court noted that Hoskins certified the complaints' accuracy even though they were incorrect. Because Hoskins had recently filed those three pending cases and was still actively litigating them, the court concluded that the omissions were not accidental, so dismissal with prejudice was an appropriate sanction. Hoskins appeals.

We review the district court's finding of fraud for clear error and its dismissal of Hoskins' claims with prejudice for abuse of discretion. See *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 307-08 (7th Cir. 2002).

The district court did not clearly err in finding that Hoskins' omissions were both material and intentional, and thus fraudulent. Hoskins does not deny that he filed and was still actively litigating the three cases. Nor does he deny that his signed complaints contained the highlighted instructions ordering him to list those lawsuits. Hoskins insists, instead, that his omission was innocent. He claims that he trusted another inmate who helped him on a previous case and who told him that he could ignore the portion of the complaint form requiring that he list his litigation history. But he signed the complaints, and the signature page (which he does not deny reading) advised him that his signature certified the truth of the entire complaint, including the litigation-history section that Hoskins crossed out. The court was within its rights in rejecting his claim of

innocence and finding fraud. See generally *Dugan v. R.J. Corman R.R. Co.*, 344 F.3d 662, 667 (7th Cir. 2003) (noting that there is no "I didn't read it" defense to signed contracts).

Having found fraud, the district court had the discretion to dismiss Hoskins' cases as a sanction. In general, courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation. See, *e.g.*, *Wickens v. Shell Oil Co.,* 620 F.3d 747, 759 (7th Cir. 2010) (affirming district court's discretionary decision to impose lesser sanction for failure to make disclosure under Fed. R. Civ. P. 26(a)(1)); *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724-25 (7th Cir. 2006) (affirming dismissal as discovery sanction); *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) (affirming dismissal as discovery sanction); *Hindmon v. National-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 618 (7th Cir. 1982) (affirming dismissal and default as discovery sanction). Sanctions may include dismissing complaints containing fraudulent information. See *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999) (dismissing appeal for deception about "striking out" under 28 U.S.C. § 1915(g)); see also *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (dismissing appeal for deception about financial status); *Taylor v. Chicago Police Dept.*, 2008 WL 2477694, at *4 (N.D. Ill. June 18, 2008) (Dow, J.) (dismissing action in part for fraudulent omission of litigation history), *aff'd*, *Taylor v. City of Chicago*, 334 F. App'x 760 (7th Cir. June 23,

2009). Such sanctions are permissible in a case like this because a district court relies on a party's description of his litigation history to manage its docket. Disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g). See *Sloan*, 181 F.3d at 858-59 (describing need for reliable information about prior litigation).

We have considered cases with similar facts before, albeit in non-precedential decisions and without having to decide whether a fraudulent litigation history justified the sanction of dismissal with prejudice. See, *e.g.*, *Taylor v. City of Chicago*, 334 F. App'x at 761 (affirming on alternative grounds without reaching issue of fraud on the court by omission of litigation history); *Heard v. Blagojevich*, 216 F. App'x 568, 571 (7th Cir. Feb. 7, 2007) (noting that a district court has discretionary authority to dismiss a case as a sanction for filing a fraudulent complaint, but remanding on other grounds). Other circuits have decided that a fraudulent litigation history warrants dismissal, but again in non-precedential decisions. See *Greer v. Schriro*, 255 F. App'x 285 (9th Cir. Nov. 26, 2007); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. Aug. 7, 2006) (per curiam); *Byrd v. Romley*, 131 F. App'x 548, 549 (9th Cir. May 13, 2005); *Albright v. Holden*, 99 F.3d 1145 (9th Cir. Oct. 15, 1996). Because of the importance of affirming a district court's discretion to impose sanctions, including dismissal, against litigants who intentionally misrepresent their litigation history, we publish our decision today.

Finally, the district court did not abuse its discretion in this case. The court correctly acknowledged that it

should generally consider lesser sanctions before dismissing a complaint with prejudice, citing *Oliver v. Gramely*, 200 F.3d 465, 466 (7th Cir. 1999). We view the court's citation of *Oliver* as demonstrating that it considered lesser sanctions. Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper, as Hoskins does here. Furthermore, the form complaint prominently warned Hoskins of the potential consequence of sanctions and dismissal. We have upheld dismissals after district courts have warned litigants about consequences of disobeying other court rules that are needed to manage judicial business. See *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665-66 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993). Although the district court would have been well within its discretion in choosing a less severe sanction, dismissal was permissible without further warning or opportunity to cure in light of the warning on the complaint form and the district court's finding of fraud.

The five dismissals were sanctions for disobeying a court rule, not rulings that the suits failed to state a claim or were frivolous or malicious (which requires a finding, absent here, of an intent to harass, see *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003)) under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A. Therefore Hoskins incurs no strikes, see 28 U.S.C. § 1915(g); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010), but remains liable for all applicable filing fees.

AFFIRMED.