**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 24, 2019
Decided February 13, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3261

| | |
|---|---|
| JACKIE WILSON,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-02561 |
| WEXFORD MEDICAL SERVICES, et al.,<br>*Defendants-Appellees*. | Rebecca R. Pallmeyer,<br>*Judge*. |

**O R D E R**

Jackie Wilson, now an inmate at Menard Correctional Center, appeals the dismissal of his complaint asserting claims of deliberate indifference arising out of the medical care he received at Stateville Correctional Center near Chicago during his 414-day hunger strike. The district court dismissed Wilson's complaint with prejudice for failure to disclose his complete litigation history and, alternatively, for failure to state a claim. Though dismissal was appropriate, the sanction of dismissal *with prejudice* was not. Accordingly, we vacate the judgment and remand the case to the district court.

This case has an unfortunate and confusing procedural history. When Wilson brought this suit, he tried to prepay the filing fee but—apparently in reliance on an outdated instruction form—mailed the court only $350 instead of the requisite $400. The clerk informed him of this deficiency and rejected payment but docketed the complaint anyway; no record was made of Wilson's attempt to pre-pay. As soon as Wilson learned of his mistake, he transmitted the filing fee in full.

As set forth in his complaint, Wilson, then housed at Stateville, began a hunger strike on January 1, 2014 after the prison lost "all of [his] legal and personal property items." Most of the complaint describes the dynamics of Wilson and prison officials navigating his hunger strike, which led to involuntary medical intervention and force-feeding. Wilson alleged his claims centered not on the forced feedings but rather on the prison's decision at various times to *cease* force-feeding, which Wilson says violated the Eighth Amendment.

Wilson also asserted prison employees ignored his many pain-related complaints, disregarded serious medical conditions, and subjected him to abusive medical treatment. He said he repeatedly complained of back pain but was ignored, and further asserted medical staff ignored his requests for pain management.

He also described an instance when, despite drinking sixteen ounces of water, he was unable to produce a urine sample for a nurse on request. According to his complaint, the medical staff and tactical unit handcuffed him to his cell door, and, believing he was intentionally refusing to urinate, painfully inserted a catheter without his consent. Wilson still failed to produce a sample.

Wilson further asserted that on January 16, 2016, after having ignored his complaints of back pain for over a year and a half, prison officials rushed him to St. Joseph's Medical Center. There, he was diagnosed with an enlarged prostate, of which his back pain had been symptomatic. Wilson says despite the St. Joseph's physician's recommendation that he see a urologist, the prison's physician, Dr. Obaisi, refused to schedule a urologist appointment for eight months, during which time Obaisi treated Wilson's enlarged prostate with two daily tablets of 325 mg acetaminophen.

The district court, mistakenly understanding Wilson to be proceeding *in forma pauperis*, screened his complaint under 28 U.S.C. § 1915(e)(2) and dismissed it with prejudice for failing to inform the court of his three prior 28 U.S.C. § 1915(g) dismissals (his "strikes"), and for failing to disclose his complete litigation history. The court

regarded Wilson's submission as an attempt to skirt the "three strikes" rule and terminated the case as a sanction. Two days later, the clerk docketed a receipt for Wilson's full payment of the $400 filing fee, for which Wilson had filed the paperwork to transmit a week earlier. Wilson responded by filing a motion to reconsider judgment, clarifying that he was not filing *in forma pauperis*, that he had attempted to pre-pay his full filing fee, and that the reason he had not provided his full litigation history was that, as he alleged in his complaint, the prison had lost or destroyed his legal documents.

The court denied the motion, though it agreed that the ground it had given for the dismissal—failing to inform the court he had incurred three strikes under § 1915(g)—was inappropriate, because Wilson had tried to pay, and ultimately did pay, the full filing fee. The court explained dismissal with prejudice was still justified because Wilson's failure to disclose his complete litigation history "remained unexplained" and "support[ed] the sanction" and, in any event, the complaint also failed to state a claim. Wilson, the court stated, could not "manufacture" an Eighth Amendment violation by going on a hunger strike and then suing for not being fed, citing *Rodriguez v. Briley*, 403 F.3d. 952, 953 (7th Cir. 2005) and *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001).

Wilson first asserts the district court improperly sanctioned him by dismissing his complaint with prejudice for failing to list his complete case history. He argues that his litigation history would be relevant only in the context of an *in forma pauperis* petition, which his was not, and so the district court should not have dismissed his case with prejudice for failing to provide it. We review sanctions of dismissal with prejudice for abuse of discretion. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002).

We conclude the district court abused its discretion when it dismissed Wilson's case with prejudice as a sanction for not providing his complete case history as the complaint form required. Had the dismissal been based on an attempt to intentionally mislead the court in pursuit of some illicit benefit—a finding the district court originally made but later acknowledged was mistaken—the sanction would have found ample support in our case law. *See Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011). But absent such a finding, the sanction went too far.

The complaint form itself and Federal Rule of Civil Procedure 83 provide that, absent an intentional misrepresentation, dismissal with prejudice was inappropriate.

Northern District of Illinois Local Rule 81.1 requires all prisoner-plaintiffs filing § 1983 lawsuits in the Northern District of Illinois use the court's complaint form. The form warns that failing to complete the litigation history section of the form warrants dismissal, and the instructions for the form clarify that missing or incorrectly attached information will result in dismissal *without prejudice*. Further, because the form requirement stems from a local rule, it is subject to Federal Rule of Civil Procedure 83(a)(1), which says, "A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Absent a finding that Wilson intentionally failed to comply with the form's instructions, dismissal with prejudice violated this rule.

Wilson also disputes the district court's conclusion that his complaint failed to state a valid claim for relief. He argues that the manner and method by which prison personnel refused him food constituted cruel and unusual punishment, and that prison medical staff were deliberately indifferent to two serious medical conditions—his serious back pain and enlarged prostate.

Regardless whether Wilson's complaint stated a claim, he should have been afforded an opportunity to amend, because an order dismissing an original complaint does not eliminate the plaintiff's prerogative to amend once as a matter of right. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). This holds true for prisoner plaintiffs as well: "the PLRA's screening requirement does not—either explicitly or implicitly—justify deviation from the usual procedural practice, *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), which in this circuit is for courts to grant leave to amend or to dismiss without prejudice." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

We note, however, that to the extent Wilson's alleged medical conditions resulted from his hunger strike, the district court was correct that those allegations amounted to an attempt to engineer an Eighth Amendment violation. Wilson should consider carefully the district court's basis for dismissal when crafting any future amended complaints.

For these reasons, we VACATE the dismissal insofar as it was with prejudice, and REMAND this case to the district court with instructions to allow leave to amend.