**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 27, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2049

| | |
|---|---|
| ERICK COLEMAN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 6551 |
| CALUMET CITY, et al., | |
| *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

## O R D E R

Erick Coleman, a pretrial detainee at Cook County Jail, appeals the dismissal of his civil rights suit for making a false allegation of poverty in his application to proceed in forma pauperis. *See* 28 U. S. C. § 1915(e)(2)(a). We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that summary disposition is appropriate. See FED. R. APP. P. 34(a)(2).

In connection with his suit against Calumet City and three police officers for Fourth Amendment violations, Coleman filed an application to proceed in forma pauperis. But some of Coleman's responses on his application appeared to be incomplete or contradicted by his account records: he did not disclose multiple incomes, including trust fund deposits and how he paid past court filing fees, and he left questions either blank or incompletely answered.

The district court issued an order to show cause why the case should not be dismissed based on a false explanation of poverty. The court pointed out that Coleman failed to account for $800 in filing fees for two recent cases that an unspecified source had paid on his behalf (his IFP applications were denied in both and, in one of them, the district court had admonished him for failing to explain significant account deposits—as the district court did here). The court also called attention to multiple entries on Coleman's trust fund account statement reflecting deposits of $945 that he failed to mention. In addition to these unexplained incomes totaling $1,745, Coleman left blank the question whether he had received any gifts in the past year.

In his response to the show-cause order, Coleman asserted that leaving the "gifts" question blank was an oversight. What he meant to say, he wrote, was that he received no gifts, and that his omission resulted from the prison environment teeming with dangerous inmates—a setting that always had him looking over his back.

The district court determined that Coleman's response failed to address the discrepancies and omissions in his application and dismissed the case with prejudice. The court noted that another judge in the district had recently admonished him in a separate suit for improperly filling out the same questions in his in forma pauperis application (question 4 and its subparts). That his repeated oversight was caused by the prison environment "defie[d] credulity," the court added. The court went on to say that Coleman's denial of receiving any gifts amounted to a refusal to acknowledge "income that is plainly evident" from the record (the undisclosed $1,745). Concluding that Coleman had intentionally misrepresented his finances to the court, the court sanctioned him by dismissing his case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A).

On appeal, Coleman argues that his pro se status and unfamiliarity with the law renders the dismissal with prejudice unjustified. He explains, as he did in his response to the district court's show-cause order, that any mistakes he made were inadvertent. We review the district court's finding that Coleman tried to mislead the court for clear

error and review the sanction of dismissal for abuse of discretion. *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 307–08 (7th Cir. 2002).

The district court did not clearly err in finding that Coleman attempted to mislead the court about his finances in his in forma pauperis application. District courts may impose appropriate sanctions, including dismissal of a complaint with prejudice, against litigants who file in forma pauperis applications that contain intentional misrepresentations. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (not abuse of discretion to dismiss complaint with prejudice for misrepresentations about financial status on in forma pauperis applications). Coleman submitted his application under penalty of perjury, yet left blank a question on his application that specifically asked him about gifts—an omission that appears to have concealed the $1,745 in undisclosed income. Further, Coleman knew that he was supposed to fill the form out accurately and completely, having already been admonished in another case for failing to properly complete the identical section of the application (question 4), as well as for failing to explain multiple deposits to his trust fund account. Finally, when given the opportunity through the show-cause order to clarify these omissions, Coleman gave an explanation that the court appropriately rejected as either not responsive or not credible.

AFFIRMED