**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019[*]
Decided April 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2740

| | |
|---|---|
| CHARLES DONELSON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 8078 |
| Q. TANNER, et al., <br> *Defendants-Appellees.* | Gary Feinerman, <br> *Judge.* |

**O R D E R**

Charles Donelson, an Illinois inmate, alleges that prison officials acted with deliberate indifference in violation of the Eighth Amendment when they forced him to eat off food trays that he considered unsanitary. The district court dismissed the case because he lied on his application to proceed in forma pauperis. Because the court did

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

not clearly err in finding that Donelson lied about his financial and litigation history, and it did not abuse its discretion in dismissing the case as a sanction, we affirm.

When Donelson applied to proceed in forma pauperis, the district court denied his application and issued a show cause order. The court demanded to know why the case should not be dismissed given that Donelson had omitted portions of his litigation history (despite the application's instruction that he disclose his entire history), his financial disclosures were inconsistent, and he had failed to pay past filing fees even after receiving thousands of dollars that should have enabled him to do so.

Donelson's reply did not satisfy the court. He insisted that he was "under extreme distress medically and mentally" and that led to a "mistake" regarding his litigation history, his finances, and payment of past-due fees from his funds. He later submitted a revised application to proceed without prepaying filing fees, but the district court rejected it and dismissed the case with prejudice. The court stressed that Donelson's omissions in his first application were too extensive to be inadvertent. He had omitted more than one-third of his cases (17 out of 45), lied materially under penalty of perjury about his financial information, and willfully failed to pay any past-due filing fees even though at one point he knew that he had over $4,000 at his disposal. The court ruled that these omissions were fraudulent, "inexcusable," and warranted a "weighty sanction." Donelson moved for reconsideration under Federal Rule of Civil Procedure 59, but the court denied the motion because his arguments either were frivolous or repeated his previous response.

We review the district court's finding of fraud for clear error and its dismissal of the claims for abuse of discretion. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).

Donelson first argues that the court clearly erred when it found that he defrauded the court, maintaining that his inconsistencies and omissions were unintentional. But the court's findings were not clearly erroneous for at least two reasons. First, when a litigant fails to disclose litigation history—something readily known to the litigant—a court may permissibly find that the litigant intended to defraud. *See Hoskins*, 633 F.3d at 543. Donelson admitted that he did not disclose in his initial application a significant portion of the cases that he had previously filed, despite the application's order that he list *all* lawsuits. Second, a court may find that a litigant committed fraud by lying about the amount of money that he can access. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002). Donelson did just that. He acknowledged that his statement of available funds substantially understated the amount reflected in the prison's records, even though those records were available

to him. Thus, the court did not clearly err when it found that when Donelson signed his application and swore that the financial information he provided was correct to the best of his knowledge, he knew that he was lying. The court, therefore, did not clearly err in rejecting Donelson's claim of innocence. *See Hoskins*, 633 F.3d at 543.

Nor did the court abuse its discretion when dismissing the case as a sanction. District courts may dismiss a case when a litigant fails to disclose litigation history. *See Hoskins*, 633 F.3d at 544; *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Courts may also dismiss a case when a litigant, in applying for the privilege to litigate without prepaying filing fees, lies to the court about his financial status. *See Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014); *Thomas*, 288 F.3d at 308. Because Donelson had a history of failing to pay filing fees, the court reasonably thought that more financial sanctions would not work. *See Rivera*, 767 F.3d at 686–87. Dismissal was a permissible result.

AFFIRMED