**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3576

| | |
|---|---|
| ARMANDO MARTINEZ AGUILAR,<br>  *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 4218 |
| HERBERT LOUIS GOLDBERG,<br>  *Defendant-Appellee*. | Gary Feinerman,<br>*Judge*. |

**O R D E R**

Armando Martinez Aguilar, an Illinois inmate, applied to proceed in forma pauperis in this suit, purportedly under 42 U.S.C. § 1983, against his former attorney. The district court discovered that Aguilar had lied about his assets in his application

---

[*] The defendant was not served with process and is not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

and dismissed the complaint with prejudice. Because the district court did not abuse its discretion, we affirm the judgment.

To proceed in forma pauperis, Aguilar submitted a certified copy of his trust-fund account statement, listing all transactions within the six months before he filed his complaint. *See* 28 U.S.C. § 1915(a)(2). Although Aguilar swore in his application that he had not received any money in the past year, the account ledger lists deposits totaling nearly $2,000. It also shows that, when Aguilar filed the complaint, he had over $4,000 in his account—more than enough to pay the court's $400 filing fee.

The district court ordered Aguilar to pay the filing fee and explain why it should not dismiss the case for lying about his finances. Aguilar paid the fee and pleaded ignorance. He asserted that English is not his primary language, so he relied on another inmate to complete the application. But the district court rejected that excuse. It noted that the Bureau of Prisons' records list Aguilar as "English Proficient," and he is enrolled in a high-school equivalency program. The court added that Aguilar had completed similar applications to proceed in forma pauperis in five other cases and, in two of those cases, he requested attorneys but did *not* check the box declaring an English deficiency. He also waived an interpreter at his arraignment in a criminal case. The court thus concluded that Aguilar had "falsely represented his [language] abilities to justify the false representation on his IFP application." Because Aguilar's lies were egregious and escalating, the court found that dismissal with prejudice was warranted.

On appeal, Aguilar first argues that the court wrongly found that he lied about his finances. We review that finding for clear error. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). Aguilar maintains that, although he is registered in prison education courses, he has not yet obtained his equivalency degree and still struggles with English. But the district court reasonably found that Aguilar lied in asserting that he did not know *enough* English to understand the application. He comprehends English well enough to file many suits in which he submits hand-written letters in English, disclaims an English-language deficiency when seeking a lawyer, and bypasses an interpreter. Moreover, even if, as Aguilar insists, a jailhouse lawyer prepared the application for him, Aguilar does not deny that he could communicate with this inmate about the form's contents. Yet he signed the form anyway, thereby falsely attesting that the financial information was true. *See Hoskins*, 633 F.3d at 543. The district court, therefore, did not clearly err in finding that he had lied to the court.

Aguilar next contends that the district court should have held a hearing before dismissal to "determine the credibility" of his English disfluency. He is wrong in two respects. First, a false assertion of poverty, which occurred here, *requires* dismissal; "the judge had no choice." *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Second, no hearing was needed for the district court to find that his falsehood was intentional (and therefore justified dismissal with prejudice) because, as we just explained, overwhelming evidence shows that he is proficient *enough* in English.

Finally, Aguilar argues that the district court impermissibly deceived him by ordering him to pay the filing fee without explaining that, even if he paid, it nonetheless could dismiss his suit with prejudice. Again, he is incorrect. The order to prepay the fee was justified because Aguilar was not destitute. *See* 28 U.S.C. § 1915(a)(1). And a court has discretion to dismiss a case with prejudice when a litigant lies to obtain relief, regardless of prior fee payment. *See Secrease v. W. & So. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014). Aguilar repeatedly tried to deceive a federal judge by covering up one lie with another, so he "cannot expect favorable treatment on matters of discretion." *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007); *accord Secrease,* 800 F.3d at 400–01 (affirming dismissal with prejudice when litigant "dug a deeper hole of deception").

AFFIRMED