**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019[*]
Decided October 21 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3532

| | |
|---|---|
| SANJAY TYAGI *et al.*,<br>  *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-cv-11236 |
| MARC D. SMITH *et al.*,<br>  *Defendants-Appellees*. | Thomas M. Durkin,<br>*Judge*. |

## O R D E R

Sanjay Tyagi, Alka Jagatia, and their child, A.T., appeal the dismissal of their case as a sanction under Federal Rules of Civil Procedure 11 and 37. The plaintiffs defied warnings from the district court to obey its orders and engage in discovery. Because the court's dismissal was reasonable under these circumstances, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This suit arose from A.T.'s medical treatment. Doctors prescribed medicine for A.T.'s seizures, but for religious reasons his parents refused to administer it. Instead, they put him on a special diet. Eventually A.T. had another seizure and went to the hospital, where staff learned that A.T. was not taking his medicine. They later reported his parents to the Illinois Department of Child and Family Services. This report led to a series of events—including the Department's visit to A.T.'s school, medical exams, and an administrative hearing—that resulted in Tyagi and Jagatia losing authority over A.T.'s medical care.

Rather than seek administrative review in state court, the plaintiffs turned to federal court and litigated fiercely. In a complaint spanning nearly 100 pages, they sued the hospital, affiliated organizations and doctors, the Department, and others for conspiring to violate their constitutional rights. The district court observed that in the "first six months since this lawsuit was filed, it has been among the most active on the Court's docket." Tyagi had filed "hundreds upon hundreds of pages of briefing and reports," many of which the court ruled were "procedurally improper." For example, without offering expert evidence, Tyagi sought orders declaring that A.T.'s diet was medically proper and that A.T.'s prescribed medicine was inherently dangerous.

After the plaintiffs proposed a 250-page amended complaint in response to motions to dismiss, the court struck the amendment and cautioned them on the rules governing this litigation. First, it explained that the amendment was "hopelessly confounding" and a "wandering stream of consciousness" that violated Rule 8. Second, it told them that a revised pleading must comply with the "short and plain statement" mandate of that rule. Third, it ordered that it would not entertain any revisions until it decided the motions to dismiss. Later, after the plaintiff filed more papers, the court barred all filings until it ruled on the pending motions to dismiss.

The plaintiffs disobeyed the orders regulating the litigation. Without waiting as ordered for a ruling on the motions to dismiss, plaintiffs filed, unrevised, their 250-page amended complaint. Later, when the court dismissed parts of the original complaint, the plaintiffs violated another order. In its dismissal order, the court granted them leave to propose a revised complaint *if* they submitted a five-page memo "explaining how the new complaint cures the defects" that the court had identified. They did not; instead they filed a 15-page motion (and the unrevised 250-page complaint) that did not address—or, as the court later ruled, cure—any defects. The court then warned them that "[i]nstead of pursuing continual efforts to expand the scope of their complaint," their time would be best "spent on discovery with respect to their surviving claims."

The warning to engage in discovery was to no avail. The plaintiffs filed over 20 "procedurally improper" and "redundant" motions, many "often in a single day," such as several seeking to declare Illinois's child-protection system unconstitutional. The court explained that the plaintiffs "are abusing the motion practice process ... distract[ing] attention from the procedurally proper motions in this case and in the many other cases on the Court's docket." The court noted that it was "mindful of plaintiffs' status as pro se litigants" and consequently had shown the plaintiffs "more patience than it has with any other litigants in five-and-a-half years on the bench." The court told them, however, that their "continued filing of procedurally improper, frivolous, or duplicative motions in quick succession will result in firmer action, up to and including dismissal of plaintiffs' case."

Despite this warning to the plaintiffs, the defendants had to move to compel discovery. They argued that the plaintiffs had not provided their full initial disclosures, responded to interrogatories or requests for documents, or cooperated on scheduling A.T.'s deposition. The magistrate judge overseeing discovery agreed and ordered the plaintiffs to produce documents, answer interrogatories, and select from one of five deposition dates. The plaintiffs disobeyed these orders, too, and filed more improper motions (for example, asking the judges for their personal financial records). After denying these, the magistrate judge repeated the court's admonition to engage in the discovery process or their refusal would "result in firmer action, up to and including dismissal."

This final warning did not motivate the plaintiffs. Instead of heeding the discovery orders, the plaintiffs filed more "declarations" (proclaiming "treason" and "void" orders). This disobedience prompted the defendants to move to dismiss the suit as a sanction. Its patience finally exhausted, the district court granted the motion and dismissed the case with prejudice. It relied on Rule 11 (finding that the unrelenting avalanche of frivolous filings demonstrated bad faith) and Rule 37 (finding that the plaintiffs had ignored the magistrate judge's discovery orders).

On appeal, the plaintiffs do not argue that the district court improperly dismissed their case as a sanction. Instead, they principally contend that the district court wrongly denied *their* motions. Because the plaintiffs fail to argue in their opening brief that the district court abused its discretion by dismissing their case as a sanction, we could dismiss the appeal on that ground alone. *See United States v. Webster*, 775 F.3d 897, 904 (7th Cir. 2015). Even on the merits, though, they lose.

The district court had two ample grounds to dismiss this case as a sanction. First, under Rule 37, a court may enter an order "dismissing the action ... in whole" if a party "fails to obey an order to provide or permit discovery ...." FED. R. CIV. P. 37(b)(2)(A)(v). The record adequately supports the district court's finding that Tyagi and Jagatia disobeyed the magistrate judge's discovery orders. They did not comply with orders to produce documents, to respond to interrogatories, and to schedule A.T.'s deposition. And they offer no legitimate excuse for their disobedience. Their failure to obey these orders, which are "designed to enable judges to control their dockets and manage the flow of litigation," justifies the dismissal under Rule 37. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (collecting cases affirming such dismissals).

Second, in rare cases, district courts may dismiss a suit as a sanction for "willful," "malicious," and "flagrant" violations of Rule 11. *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656–57 (7th Cir. 2003). Rule 11 treats parties' signatures on their filings as certifications that the filings are proper. The record adequately supports the district court's findings that the plaintiffs falsely certified as proper dozens of motions that they knew violated the court's orders and abused the litigation process. They filed these motions after the court had instructed them on the proper method for litigating this case and had warned them multiple times to desist from these improper filings. Yet the filings continued unabated. The court's finding of malicious abuse of process justifies dismissing the case as a sanction under Rule 11.

AFFIRMED